## COMMONWEALTH v. WILKES-BARRE ETC. RY. CO.

ERROR TO THE COURT OF QUARTER SESSIONS OF LUZERNE COUNTY.

Argued April 15, 1889—Decided June 28, 1889.

[To be reported.]

(a) A street railway company, as required by its incorporating act, obtained the consent of borough authorities to occupy a public street, but upon condition that its track should be laid in the centre line thereof and in such manner that vehicles could cross without hindrance.

(b) The track was laid in the centre line of the street, as required by the action of council, but upon an open space formed by the intersection of other streets there was a slight deflection of the track from the centre line, to enter upon the private property of the company.

1. The company being indicted for maintaining a nuisance in unlawfully obstructing the street by means of its track, in the absence of any averment in the indictment, or in an offer of proof, that the structure of the track, or its position, interfered in point of fact with public travel in any respect, the mere location of it did not constitute a nuisance, and the offer is inadmissible.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

No 230 July Term 1889, Sup. Ct.; court below, No. 256 September Term 1887, Q. S.

On September 7, 1887, the grand jury returned as a true bill an indictment charging that on, etc., at, etc., the Wilkes-Barre and Kingston Street Railway Company, a body corporate, etc., " unlawfully did erect, set up, establish, maintain, keep up, and continue, and still do keep up and continue a certain common and public nuisance, to wit: by unlawfully obstructing by means of the railway track of the said company, a certain public highway, to wit: Railroad street, in the borough of Kingston in said county, beginning at the intersection of said street with Main street, in said borough; thence along and upon said Railroad street to the easterly line of said borough, so that the good citizens of this commonwealth cannot pass and re-pass along the same without great danger and inconvenience, to the great damage and common nuisance of all good citizens of the commonwealth, contrary," etc.

At the trial on June 28, 1889, the commonwealth put in evidence the act of April 14, 1859, P. L. (1860) 888, incorporating the company, which providing inter alia as follows:

"Section 4. That before the said company shall commence to use any street or streets in the boroughs of Wilkes-Barre and Kingston, the consent of the councils of said boroughs shall first be obtained; and the councils may from time to time, by ordinances, establish such regulations in regard to said railway, as may be required for the purpose of grading, etc., along said streets, and also to prevent obstructions thereon," etc.

The commonwealth then put in evidence a map showing the location of Railroad street, and the location of the street railway thereon, at the points involved in the controversy. This map is described in the opinion of this court, infra.

The commonwealth then proved the minutes of the Kingston borough council, of March 5, 1866. These minutes showed an ordinance or resolution of the borough council of that date, giving consent to the construction of defendant company's roadbed in the street, beginning at the boundary line of said borough near the east branch of Toby's creek, and running thence through the middle of the highway and through Willow street to the L. & B. Railroad, provided the railway company conformed to certain conditions, one of which was as follows:

"First. That the track of said railway shall be laid in the centre or middle of the said street, with a street rail in such a manner that wagons, sleighs, vehicles of every description can conveniently cross and re-cross said street without hindrance at any time and at any point, and in such a manner that the public may and can pass to and from the depot and the stone store with teams, wagons, sleighs and other vehicles at any time conveniently and without hindrance."

The commonwealth then made the following offer:

By the map already in evidence it appears that the street in question is a public street, and that the track of the defendant is located thereon, and that it is not located along the whole route of said street, in the centre thereof. Commonwealth now proposes to show by the minutes, that in March, 1866, the borough of Kingston consented to the location and construction of the defendant's railway, upon the centre of Railroad street; to be followed by evidence that a certain portion of the

track in question in said borough and upon said street is not upon the centre line thereof, and that the same is an obstruction and inconvenient to the public travel, and a nuisance, and erected without authority or warrant in law, the nuisance consisting in so much of the track as diverges from the centre of the street to the southerly side thereof.

Objected by the defendant:

1. That the map already in evidence shows that the divergence is merely a turn-out to enable the railroad company to get from the centre of Railroad street on to the private land of the railroad company, and not a construction in violation of the resolution mentioned.

3. That the indictment contains but one count and avers only a nuisance "by unlawfully obstructing by means of the railway track of said company, a certain public highway, to wit: Railroad street in the borough of Kingston;" etc., and does not charge that the road was constructed or maintained in its present place, without the consent legally obtained of the borough authorities, or that it was constructed or maintained in an unskilful or negligent manner.

By the court: While the particular offer now before us is that simply of the minute book of the borough of Kingston, showing the action of the borough council in regard to this railroad, there is also a general explanation accompanying this offer, showing the theory of the prosecution, accompanied by a statement of the evidence to be offered to sustain the allegation of a nuisance. From these offers and explanation, it appears to us that the charge of nuisance in this case must be sustained, if at all, by showing, that while the charter permitted this railroad to be built and while the assent of the borough of Kingston was secured as early as the year 1866, this assent contemplated the occupancy of the centre of a certain street, while the actual location made in 1866, and maintained since, has not been in the centre thereof, at a certain point. But it appears from the indictment that nothing of this kind is alleged therein as constituting the nuisance complained of. The indictment is couched in the most general phraseology and alleges a public nuisance without any particular specification of its nature, or of its effect upon the public; in other words, while alleging that the railroad in question is a

nuisance because of a mislocation, the fact of mislocation is not set forth. Therefore we cannot admit this testimony. The indictment is defective. The objection is sustained and the evidence is rejected.[1]

It was admitted that the road as shown on the map was constructed in 1866, and had been maintained in that location continuously since that time; also that the divergence from the centre to the southerly line of the street was in the borough of Kingston in 1866 and at the time of trial, and that that divergence was from 75 to 100 feet in length.

The court, WOODWARD, J., instructed the jury:

"We instruct you that in our opinion, as matter of law, this indictment is defective and will not sustain the evidence which is offered to show a nuisance at the point in question."[2]

The jury returned a verdict finding the defendant not guilty, and that the county of Luzerne pay the costs. The commonwealth then took this writ, assigning for error:

1. The refusal of the commonwealth's offer.[1]
2. The charge of the court to the jury.[2]

*Mr. William S. McLean* (with him *Mr. Alfred Darte*, District Attorney), for the plaintiff in error:

1. By the terms of our offer we proposed to show that the only authority for the defendant to occupy the street, was by the consent of the borough council, and that that consent was evidenced by a resolution by the terms of which the defendant could occupy with its track only the centre of the street, and that, as matter of fact, the track for the distance of 75 or 100 feet diverged from the centre to the southerly side of the street. A railroad laid out over a highway so as to obstruct it, without express statutory authority or necessary implication, is liable to indictment for nuisance: Dillon on Mun. Corp., § 561; Commonwealth v. Railroad Co., 14 Gray 93: Commonwealth v. Railroad Co., 27 Pa. 358.

2. The indictment at bar possesses all the requisite averments. It does not lack sufficient certainty. It contains a certain description of the offence with which the defendant is charged, and a statement of the facts by which it is constituted, so as to identify the accusation: Commonwealth v. Boyer, 1

Binn. 207; Spangler v. Commonwealth, 3 Binn. 537; 4 Shars.
Bl. Com., 301; Respublica v. Arnold, 3 Y. 420.

*Mr. Allan H. Dickson* (with him *Mr. Jos. D. Coons* and *Mr.
John Lynch*), for the defendant in error:

1. The indictment charged that the defendant maintained a
nuisance by unlawfully obstructing Railroad street. The na-
ture of the accusation, to wit: the alleged variance between
the line stated in the ordinance' of 1866 and the line actually
laid, was not stated. "The allegation in the bill ought to be
certain to every intent, and without any intendment to the
contrary. Hence, all indictments ought to charge a man with
a particular offence, and not an offence in general:" Common-
wealth v. Miller, 2 Pars. 480.

2. The track is in the centre of Railroad street down to
where it debouches into the square. It then strikes across the
square. Construed as claimed by the commonwealth, the com-
pany never had any right to cross this square at all. But there
was no restriction preventing the company from getting on its
own land off the street as soon as possible. Such a restriction
would have been unreasonable, and hence void: Pittsburgh's
App., 115 Pa. 4; Cleveland etc. R. Co. v. Speer, 56 Pa. 332;
Klaer v. Ridgway, 86 Pa. 529; Phil., W. & B. R. Co. v. Wil-
liams, 54 Pa. 103; 2 Wood on Railways, 739.

OPINION, MR. JUSTICE GREEN:

At the time of the rejected offer of testimony the common-
wealth had already given in evidence the map showing the
location of the railway upon Railroad street, at the point in
controversy, and this map and the location which appeared
upon it were made part of the rejected offer. At the end of
the offer, also, the nuisance complained of was defined as fol-
lows, viz.: "The nuisance consisting in so much of the track
as diverges from the centre of the track to the southerly side
thereof." .The only manner in which it is claimed that the
part of the track complained of was a nuisance at all, was in
its not being laid in the centre of the street. It was not
alleged nor offered to be proven that the structure of the
track, or its position, in point of fact interfered with public
travel in any respect. The alleged unlawful location of this

Opinion of the Court.

small piece of connecting track, was the only element set up as establishing a nuisance at all. But it is very evident that this element is not established by any or all of the matters contained in the offer. The resolution of council, which it is said was violated, only provides that the track "shall be laid in the centre or middle of the said street, with a street rail *in such a manner* that wagons, sleighs, vehicles of every description can conveniently cross and re-cross said street without hindrance at any time and at any point," etc. A mere inspection of the map shows conclusively that if the track is properly laid as to its structure, it does not interfere with the public travel in any manner whatever. Its mere location cannot interfere in any degree with its being conveniently crossed and re-crossed. It is simply a continuation of the track of the railway, just as it is laid through the street, without any complaint of the manner of the structure. In addition to this the place in which this particular piece of track is laid is not Railroad street or any part of it. It is a wide open space formed by the intersection of five streets in which the individuality of each street is lost. The track is laid on the centre of Railroad street, up to the point at which that street enters the open space constituting the intersection of the several streets, and from that point the track is laid not upon Railroad street, but upon the open ground of the intersection. On the opposite side of this space where the track continues, there is a slight deflection from a straight line, to enter upon the private property of the company. But this cannot be regarded as in any sense a nuisance in itself, since the company has a necessary right to reach a track upon its own land as plainly as if it were a car house or a horse stable.

In the absence of any evidence, or any offer of proof, to show that the track complained of in fact interfered with the public travel, we are clearly of opinion that its mere location in the manner indicated on the map was not in any sense a violation of the resolution of council, and therefore not a nuisance.

Judgment affirmed.